UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| YANETSY RIVERA | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-cv-00041 |
| | § | |
| DEDICATED EXPRESS, LLC | § | |
| And THANH CHI NGUYEN | § | |
|     Defendants | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants, DEDICATED EXPRESS, LLC and THANH CHI NGUYEN and provide this their Answer to the numbered paragraphs in the Plaintiff's Original Petition and for answer says:

1. Defendants admit this suit is to be governed by a Level 3 discovery control plan.

2. As to the first paragraph under the heading II, "Parties," Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff is a resident of El Paso County, Texas.

3. As to the second paragraph under the heading II, "Parties," Defendant Thanh Chi Nguyen admits he is a resident of Orange County, California and that his residence is 13631 Fernwood Drive, Garden Grove, California 92843.

4. As to the third paragraph under the heading II, "Parties," Defendant Dedicated Express, LLC admits it was served through Judith Panlaqui at 3732 S. Green Avenue, Ontario, California 91761.

5. As to the allegations under the heading III, "Jurisdiction and Venue," Defendants admit jurisdiction is proper in Texas and that venue is proper in Ward County in a proceeding in State Court.

6. As to the paragraph under the heading IV, "Misnomer/Alter Ego," Defendants deny the allegations in this paragraph.

7. As to the first paragraph under the heading V "Factual Background," Defendants admit that on January 18, 2017, Plaintiff was traveling eastbound on IH-20 in Ward County, Texas. Defendants lack sufficient information to admit or deny the allegations concerning the lanes of travel of the vehicles. Defendants deny the vehicle driven by Defendant Nguyen was owned by Dedicated. Defendants deny Defendant Nguyen failed to pay attention, changed lanes unsafely, and collided with Plaintiff. Defendants lack knowledge or sufficient information to admit or deny that Plaintiff was injured.

8. As to the second paragraph under the heading V "Factual Background," Defendant Dedicated admits it utilized vehicles in conducting its business. Defendant Dedicated denies the remainder of the allegations in this paragraph.

9. As to the third paragraph under the heading V "Factual Background," Defendants admit Defendant Nguyen was performing work for Defendant Dedicated. Defendants deny the remainder of the allegations contained in this paragraph.

10. As to the paragraph under the heading VI, Respondeat Superior, Defendants admit Defendant Nguyen was carrying out business for Defendant Dedicated. Defendant Dedicated denies the remainder of the allegations in this paragraph.

11. As to the first paragraph under the heading VII, "Causes of Action: Negligence - Nguyen," Defendants incorporate their previous responses.

12. As to the second paragraph under the heading VII, "Causes of Action: Negligence - Nguyen," and its subparagraphs (a)-(i) Defendants deny the allegations contained in this paragraph.

13. As to the third paragraphs under the heading VII, "Causes of Action: Negligence - Nguyen," Defendants deny the allegations contained in this paragraph.

14. As to the first paragraph under the heading VIII, " Causes of Action - Dedicated," Defendants incorporate their previous responses.

15. As to the second paragraph under the heading VIII, " Causes of Action - Dedicated," Defendants deny the allegations contained in this paragraph.

16. As to the third paragraph under the heading VIII, " Causes of Action - Dedicated," and its subparagraphs (a)-(b), Defendants deny the allegations contained in this paragraph.

17. As to the fourth paragraph under the heading VIII, " Causes of Action - Dedicated," Defendants deny the allegations contained in this paragraph.

18. As to the first paragraph under the heading IX, "Damages," Defendants incorporate their previous responses.

19. As to the second paragraph under the heading IX, "Damages," Defendants deny the allegations contained in this paragraph.

20. As to the third paragraph under the heading IX, "Damages," and its subparagraphs (a)-(f), Defendants deny the allegations contained in this paragraph.

21. As to the paragraph under the heading X, "Pre-Existing Injury," Defendants deny the allegations contained in this paragraph.

22. As to the paragraph under the heading XI, "Subsequent Injury," Defendants deny the allegations contained in this paragraph.

23. As to the paragraph under the heading XII, "Trial by Jury Demand," this paragraph does not require a response.

24. As to the paragraph under the heading XIII, "Rule 193.7 Notice", this paragraph does not require a response.

25. As to the paragraph under the heading XIV, "Discovery Requests," this paragraph does not require a response.

26. As to the paragraph under the heading XV, "Life Tables," this paragraph does not require a response.

27. As to the paragraph under the heading XVI, "Prayer," Defendants deny the Prayer of Plaintiff.

## **AFFIRMATIVE DEFENSES**

28. Defendants affirmatively asserts this accident was proximately caused in whole or in part by the acts of third parties and instrumentalities not under the control of Defendants, which were the sole cause or a substantial contributing factor bringing about this accident.

29. Defendants would show that at the time of the accident in question, there was a new and independent cause which was an act or omission of a separate and independent agency, not reasonably foreseeable to Defendants, destroyed the casual connection, if any, between the act or omission inquired about against Defendants and the accident, and which the new and independent cause became the immediate and sole cause of such occurrence.

30. Defendants affirmatively asserts Plaintiff was negligent and negligent per se, and such negligence was the proximate or producing cause of the occurrence and/or damages sought by Plaintiff. Plaintiff failed to keep a proper lookout under the conditions then existing at the time of the accident, and failed to use ordinary care. The doctrine of proportionate responsibility is applicable herein.

31. Defendants would show the Court that economic damages awarded against Defendants for medical or healthcare expenses, if any, may not exceed the amount actually paid or incurred by or on behalf of Plaintiff under § 41.0105 of the Texas Civil Practice and Remedies Code, and Defendants would respectfully request this Court to compute Plaintiff's award, if any, in accordance with the language of § 41.0105 of the Texas Civil Practice and Remedies Code. Defendants also requests that Plaintiff prove: 1) that reasonable and necessary medical or healthcare expenses do exist; 2) what part of the medical or healthcare expenses have actually been paid or for which Plaintiff remains liable; and 3) that the medical or healthcare expenses claimed resulted from conduct of Defendants.

32. Defendants affirmatively pleads, if same be necessary as all liability is denied, pursuant to § 18.091 of the TEX. CIV. PRAC. & REM. CODE, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, Defendants would show Plaintiff must present evidence to prove the loss in the form of a net loss after reduction from income tax payments or unpaid tax liability pursuant to any Federal Income Tax law.

33. Defendants affirmatively asserts, if the evidence shows, Plaintiff chose to incur or pay medical expenses in an amount exceeding that which would satisfy the health care provider's

claim under an existing and available insurance policy is neither reasonable nor necessary and thus does not satisfy that basic requirement of damages recovery.

34. Pleading further and in the alternative, this Defendants would show that at all times material, if the evidence shows, Plaintiff failed to mitigate his own injuries and damages as would have been done by a reasonable and prudent person, and their failure to mitigate her injuries and damages has proximately caused or at least contributed to her claimed injuries and damages exceeding that for which recovery is ordinarily permitted.

## NOTICE OF INTENT

35. Defendants hereby gives notice of intent, and reserves the right to, utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

## JURY DEMAND

36. Defendants demands a jury in this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, these Defendants pray:

(1) that Plaintiff take nothing by its suit herein;

(2) that Defendants be dismissed therefrom; and

(3) that Defendants recover their reasonable and necessary attorneys' fees and costs herein expended.

CRAIG, TERRILL, HALE & GRANTHAM, L.L.P.

FirstBank Centre
9816 Slide Road, Suite 201
Lubbock, Texas 79424
(806) 744-3232
(806) 744-2211 (fax)
BudG@CTHGlawfirm.com

_____
Leonard R. (Bud) Grossman
SBN 00784182
ATTORNEYS FOR DEFENDANTS,
DEDICATED EXPRESS, LLC and
THANH CHI NGUYEN

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the above and foregoing was forwarded to all counsel of record listed below via facsimile, Efiling and regular mail on the 28TH day of September, 2018.

_____
*Of The Firm*

Israel L. Medina
THE MEDINA LAW FIRM, P.C.
2651 Kermit Highway
Odessa, Texas 79763
Facsimile: (432) 698-3402
israelm@medinalaw.com
ATTORNEY FOR PLAINTIFF

Austin Mathis
austinmathis@themathislawfirm.com
Holly Voth
hollyvoth@themathislawfirm.com
THE MATHIS LAW FIRM, PLLC
P.O. Box 3836
San Angelo, Texas 76902
Facsimile: (325) 716-4840
ATTORNEYS FOR PLAINTIFF